DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025
DELLYA F. TALAS, ESQ.; STATE BAR NO.: 352764

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: drivera@tharpe-howell.com
E-Mail: dtalas@tharpe-howell.com

Attorneys for Defendant,
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ESTHER SAHAGUN<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and DOES 1 TO 100<br><br>Defendants. | Case No.: CV 24-10243-GW-SSCx<br>(Ventura County Superior Court Case No.: 2024CUPP032257)<br><br>[Assigned to Hon. George H. Wu, District Judge; Hon. Stephanie S. Christensen, Magistrate Judge]<br><br>**ORDER GRANTING THE PARTIES' STIPULATION TO CAP PLAINTIFF'S JUDGMENT, AWARD, OR RECOVERY AND TO REMAND**<br><br>Complaint Filed: October 17, 2024<br>Trial: None |

The Court, having read and considered the Parties' Stipulation to Cap Plaintiff's Judgment, Award, or Recovery and to Remand, hereby ORDERS as follows:

**I.   BACKGROUND**

On October 17, 2024, Plaintiff filed a Complaint for personal injury against Defendant Target in the Superior Court for the State of California, County of Ventura, Case No. 2024CUPP032257.

On November 26, 2024, Defendant Target removed this matter to the United States District Court for the Central District – Western Division of California pursuant to 28 U.S.C. §§ 1332, and 1441.

The parties have now agreed and stipulated to limit any and all recovery of damages by plaintiff ESTHER SAHAGUN to $75,000.00 or less, as evidenced by the Stipulation to Cap Plaintiff's Judgment, Award, or Recovery and To Remand, executed by plaintiff ESTHER SAHAGUN and defendant TARGET CORPORATION, by and through their attorneys of record. Accordingly, the parties request an order from this Court remanding the case to the Riverside County Superior Court, Case No. 2024CUPP032257.

## II.   ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added). In light of the parties' stipulation limiting any and all recovery by Plaintiff to $75,000.00 or less, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

## III.   ORDER OF THE COURT

1.   Plaintiff's total recovery, if any, from Defendant TARGET CORPORATION for any injuries, damages, harms, or losses resulting from the alleged incident that occurred on Defendant's premises on or about November 14, 2022, and which are the subject of the within action (including formerly Ventura County Superior Court Case No.: 2024CUPP032257) (the "Litigation), including but not limited to economic and non-economic damages as well as any award of attorneys' fees and costs of suit (including any award of costs for the services of expert witnesses), is hereby capped at $75,000.00.

2.   If any judgment or award, entered in her favor and against Defendant TARGET CORPORATION, in the Litigation should exceed $75,000.00, inclusive of any award of attorneys' fees and costs of suit (including any award of costs for the services of expert witnesses) Plaintiff has knowingly and voluntarily waived the right

to claim that portion of her final judgment or award which exceeds $75,000.00.

3. Should any judgment or award, inclusive of any award of attorneys' fees and costs of suit (including any award of costs for the services of expert witnesses) be entered in her favor and against Defendant TARGET CORPORATION in the Litigation, in excess of $75,000.00, Plaintiff shall execute any necessary documents to reduce any such award or judgment to $75,000.00, and is barred from executing on any amount of the award or judgment in excess of $75,000.00.

4. Pursuant to the parties' Stipulation, because this matter does not exceed $75,000.00, this Court no longer has subject matter jurisdiction and the matter is hereby REMANDED to the Superior Court for the State of California, County of Ventura, Case No.: 2024CUPP032257. This Order shall be accorded full force and effect in the Superior Court of the State of California, County of Riverside, Case No.: 2024CUPP032257.

**IT IS SO ORDERED.**

Dated: January 7, 2025

_____
HON. GEORGE H. WU,
United States District Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **[PROPOSED] ORDER GRANTING THE PARTIES' STIPULATION TO CAP PLAINTIFF'S JUDGMENT, AWARD, OR RECOVERY AND TO REMAND**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Jesse L. Halpern, Esq.<br>THE HALPERN LAW FIRM<br>28632 Roadside Drive, Suite 220<br>Agoura Hills, CA  91301<br>Tel: 818-785-5999; 818-609-1342<br>Email: JLH@halpernlawcorp.com<br><br>cc:<br>Berta Chicoj, Legal Asst.<br>Email: Berta@halpernlawcorp.com | Attorneys for Plaintiff,<br>ESTHER SAHAGUN |

5. a.   **X**   **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/6/2025 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\35000-000\35357\Pleadings\FEDERAL\Stipulation to Cap Damages and Remand\[Proposed] Order re Stip to Remand.docx